IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PATRICK HENNESSY,** | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| vs. | : | NO.  13-6594 |
| | : | |
| **ALLSTATE INSURANCE CO., et al.,** | : | |
| Defendants | : | |

**M E M O R A N D U M**

**STENGEL, J.**                                                                       **April 14, 2014**

Patrick Hennessey brought this action in state court against Defendants Allstate Insurance Company, Allstate Property and Casualty Insurance Company, Allstate Fire and Casualty Insurance Company, and Allstate employees and agents Kevin Broadhead, Paul Fraver, John Russell, and Henry Ricci, III.  Mr. Hennessey claims breach of contract, bad faith, unfair trade practices, and negligence.  The Allstate entities are citizens of Illinois, and the individual defendants are citizens of Pennsylvania.  The defendants removed the case here from the Philadelphia Court of Common Pleas, alleging fraudulent joinder of the individual defendants for the purpose of defeating diversity of citizenship.  The plaintiff filed a timely motion to remand, to which the defendants have responded.  For the following reasons, I will grant the motion in its entirety.

Mr. Hennessy was a passenger in a vehicle operated by Ryan Caruso in the early morning hours of July 26, 2009.  Mr. Caruso rear-ended a car driven by Bruce Reikow which was stopped at a traffic light.  Mr. Hennessey began to push Mr. Caruso's car out

of the lane of traffic and was struck by a third vehicle driven by Shawn Robertson.  Mr. Hennessy sustained severe injuries ultimately resulting in an above-knee amputation of his right leg.  Mr. Caruso was insured by Defendant Allstate.  Mr. Robertson is uninsured.

On the eve of trial in state court, Mr. Hennessy offered to settle the case with Allstate for the full policy limits of $250,000.  Allstate refused.  Mr. Hennessey proceeded to trial against Mr. Caruso and Mr. Robertson.  The jury returned a verdict awarding Mr. Hennessy over $19 million and apportioned liability 45% to Mr. Caruso and 55% to Mr. Robertson.  Mr. Caruso assigned his rights against Allstate to Mr. Hennessy.[1]

On October 14, 2013, in response to Allstate's refusal to pay the judgment, Mr. Hennessy brought another action in the Court of Common Pleas of Philadelphia County.  The defendants filed a timely Notice of Removal.  This motion to remand followed.

---

[1] I note that, contrary to Allstate's contention, an insured's bad faith claim against his insurer, and statutory claims for punitive damages as a remedy for bad faith, counsel fees, and interest, are assignable.  See T.A. v. Allen, 868 A.2d 594, 599 (Pa. Super. 2005) ("We begin with the observation that an insurance company is liable in the form of a judgment in excess of policy limits where the insurance company's negligence in investigating a claim or unreasonable refusal of an offer of settlement results in damages to the insured. This cause of action for 'bad faith' on the part of the insurance company is assignable by the insured to third parties."); see also Marks v. Nationwide Insurance Co., 762 A.2d 1098, 1101 (Pa. Super. 2000) ("[A] third party may not maintain a bad faith action against a tortfeasor's insurer without first obtaining an assignment from the tortfeasor.")  see also Haugh v. Allstate Insurance Co., 322 F.3d 227, 239 (3d Cir. 2003) ("Under Pennsylvania law, an insured's claims against his insurer for breach of contract and breach of fiduciary duty, and his claims under section 8371 for punitive damages, counsel fees, and interest are assignable.  Brown v. Candelora, 708 A.2d 104, 112 (Pa. Super. 1998).  While the Supreme Court of Pennsylvania has not decided the issue, the Pennsylvania Superior Court has held that an injured third-party claimant is prohibited from asserting a bad faith action against the tortfeasor's insurance company unless these rights have been expressly assigned by the policyholder.  See id. at 111-12.")

Federal courts are of limited jurisdiction, and may only decide cases consistent with the authority afforded by the Constitution or statutes of the United States. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 378 (1994). Title 28 of the United States Code, Section 1332 requires the satisfaction of two factors before the district court may assume diversity jurisdiction over a civil action: (1) the controversy must be between citizens of different states, and (2) the amount in controversy must exceed $75,000.00. Removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." In re Briscoe, 448 F.3d 201, 217 (3d Cir. 2006). As the party asserting jurisdiction, the defendants have "the burden of showing at all stages of the litigation that the case is properly before the federal court." Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007). In deciding a motion to remand, then, a district court should "not apply a Rule 12(b)(6) standard," but must examine the complaint to determine whether it could support a conclusion that the claims against the defendant are not even colorable, i.e., are wholly insubstantial and frivolous. Batoff v. State Farm Ins. Co., et al., 977 F.2d 848, 852 (3d Cir. 1992).

In their response to the motion to remand, the defendants insist that the plaintiff fraudulently joined Pennsylvania citizens Kevin Broadhead, Paul Fraver, John Russell, and/or Henry R. Ricci as defendants in this action solely to defeat diversity of citizenship. I do not agree.

Joinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment. Brown, et al. v.

3

JEVIC, 575 F.3d 322, 326 (3d Cir. 2009) (citing Briscoe, 448 F.3d at 217).  In the diversity context, the Third Circuit Court of Appeals has stated:

> The doctrine of fraudulent joinder represents an exception to the requirement that removal be predicated solely upon complete diversity.
>
> [I]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court . . .
>
> In evaluating the alleged fraud, the district court must focus on the plaintiff's complaint at the time the petition for removal was filed. In so ruling, the district court must assume as true all factual allegations of the complaint. It also must resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff.

Brown, 575 F.3d at 326 (quoting Briscoe, 448 F.3d at 215-216, 217).

Here, a careful review of the complaint reveals that none of the claims against the Pennsylvania citizen defendants are "wholly insubstantial and frivolous."  The complaint pleads many specific factual allegations against the individual defendants, and attaches twenty documents either authored or received by them as exhibits.  For example, the complaint alleges that Mr. Ricci created a likelihood of confusion and misunderstanding by "unfairly, fraudulently, and deceptively" representing to the Caruso family before it purchased the policy that Allstate had internal policies that were consistent with its "Good Hands" advertising campaign.  See Compl. ¶¶ 34, 159.  Mr. Ricci knew that this information was false.  Id. at ¶ 160.  His conduct included active concealment of Allstate's negative policies and practices.  In reliance on the assurances of Mr. Ricci, however, the Caruso family agreed to change their coverage to Allstate.  Id. at ¶ 162.  Mr.

4

Broadhead, Mr. Russell, and Mr. Fraver are alleged to have sent several misleading letters to the plaintiff's attorneys insisting that Allstate was continuing to conduct an investigation of the claims, when, in fact, the letters were actively concealing that Allstate was not investigating the claims at all.  Id. at ¶¶ 41, 46, 47, 51, 61, 62, 64, 66.  Further, Mr. Broadhead had also not informed the Caruso family that the plaintiff would have accepted the policy limit of $250,000 as settlement of the entire case on the eve of trial.  Id. at ¶¶ 48, 54.  As a direct and proximate result of these defendants' allegedly unfair, fraudulent or deceptive conduct, Mr. Caruso has become personally liable for the excess verdict and has suffered harm arising from the effects of that verdict and obligation.  Id. at ¶¶ 143, 149, 155, 164.

  The complaint also individually pleads eight separate counts against these individuals.  For example, Counts V and XI are brought against Mr. Broadhead for unfair trade practices and negligence, respectively.  Counts VI and XII are brought against Mr. Fraver for unfair trade practices and negligence.  Count VII brings a claim against Mr. Russell for unfair trade practices, and Count XIII is a claim against him for negligence.  Finally, the complaint alleges unfair trade practices in Count VIII against Mr. Ricci, and negligence against him in Count XIV.

  To determine the merits of these underlying claims would exceed the scope of this court's current task, i.e., to evaluate subject matter jurisdiction, and such an analysis is improper at this stage of the proceeding.  Assuming as I must, however, that all of these factual allegations are true, and resolving any uncertainty about Pennsylvania's controlling substantive law in favor of the plaintiff, I find that there is more than enough

of a reasonable basis in fact or colorable ground supporting the claims against the individual defendants.  It is possible that the Court of Common Pleas of Philadelphia County will find Counts V, VI, VII, VIII, XI, XII, XIII, and XIV to state viable causes of action, and thus remand is required.  Accordingly, I will grant the plaintiff's motion, and remand this action to the Court of Common Pleas of Philadelphia County.

     An appropriate Order follows.